NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DUANE MYHAND, | : | |
| | : | Civil Action No. 11-6709 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CINDY SWEENEY, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

**DUANE MYHAND,** Petitioner pro se
452622
East Jersey State Prison
Lock Bag R
Rahway, N.J. 07065

**STEPHEN A. POGANY**, Counsel for Respondents
Essex County Prosecutor's Office
Essex County Courts Building
50 West Market Street
Newark, N.J. 07102

**WIGENTON,** District Judge

This matter is before the Court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by Petitioner Duane Myhand ("Petitioner").[1] The respondents are Cindy Sweeney and Paula Dow. For the reasons stated herein, the Petition will be dismissed as time-barred.

---

[1] Though Petitioner identifies himself as "Myhand" in his petition, it appears that he was identified as "Myland" in state court proceedings.

**I. BACKGROUND**

The relevant facts underlying Petitioner's conviction are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]

> In connection with the stabbing death of Macklyn Atkins on October 13, 2001, defendant was indicted for first-degree murder and other associated offenses. According to defendant's description of the offense, he had asked the victim to repay him some money. The victim pulled a knife and threatened defendant. When the victim turned away, defendant fatally stabbed him in the back. Defendant then called 911 and reported that he had killed someone. On this record, there appears to be no dispute that the killing occurred in front of a crowd of people. The day after his arrest on October 13, defendant was hospitalized with psychotic symptoms, secondary to substance abuse withdrawal. He was later diagnosed with schizophrenia, paranoid type.
>
> Defendant accepted a plea offer, pursuant to which he pled guilty to aggravated manslaughter. On May 2, 2003, he was sentenced consistent with the plea agreement, to eighteen years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. [The Appellate Division] affirmed his sentence on an Excessive Sentence calendar. *State v. Myland*, No. A-3184-03T4 (App. Div. Aug. 2, 2006).

*State v. Myland*, 2010 WL 2696613, at *1 (N.J. Super. Ct. App. Div. June 29, 2010). Petitioner did not submit a petition for certification to the New Jersey Supreme Court or seek a writ of certiorari from the United States Supreme Court.

On or about May 23, 2007, Petitioner submitted a petition for post-conviction relief ("PCR") in state court. (Resp't's Answer, Ex. I, Pet'r's PCR Pet.) The trial court denied his petition and on June 29, 2010, the Appellate Division affirmed that decision. *State v. Myland*, 2010 WL 2696613, at *1 (N.J. Super. App. Div. June 29, 2010). Petitioner filed a petition for

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

2

certification and the New Jersey Supreme Court denied that petition on November 18, 2010. *State v. Myland*, 13 A.3d 362 (N.J. 2010).

Petitioner submitted this habeas petition under 28 U.S.C. § 2254 on or about November 9, 2011, raising four grounds for relief, all of which relate to ineffective assistance of counsel. Respondents filed an answer to the petition on June 12, 2012, arguing that the petition is time-barred and that it should be denied on the merits.   Petitioner did not file a reply or traverse.

## II. DISCUSSION

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1–year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."   The Supreme Court has provided the following guidance:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking

3

> such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [the Petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez v. Thaler*, ___ U.S. ___, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012).

However, the limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[2] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, *Carey v. Saffold*, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, *Swartz*, 204 F.3d at 420–24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28

---

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. *Artuz v. Bennett*, 531 U.S. 4, 8–9 (2000) (footnotes and citations omitted).

U.S.C. § 2244(d)(2)." *Stokes v. District Attorney of the County of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, Petitioner's judgment of conviction was entered on May 2, 2003 and it appears that he promptly filed a direct appeal. The Appellate Division affirmed the judgment and sentence on August 8, 2006. No petition for certification was filed with the New Jersey Supreme Court; however, the Court notes that he would have had twenty days to do so. *See* N .J. Court R. 2:12-3(a). Thus, direct review became final under § 2244(d)(1), on August 28, 2006. *See Gonzalez*, 132 S.Ct. at 656 ("We further hold that, with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires.") Petitioner then had one year from August 28, 2006, or until August 28, 2007 to file his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Petitioner would have had to file his state PCR petition before the one-year period expired, or before August 28, 2007. Otherwise, the state PCR petition would not serve to toll the statute of limitations. In this case, Petitioner's state PCR petition was filed on May 23, 2007, thereby statutorily tolling the limitations period after 267 days had run. The limitations period was tolled until November 18, 2010, when the New Jersey Supreme Court denied the petition for certification. Petitioner's one year limitations period, of which he had 98 days remaining, began to run again on November 19, 2010. The limitations period expired, and therefore Petitioner would have needed to have his habeas petition filed with this Court, on or before February 25, 2011. He did not file said petition until November 9, 2011, which was approximately 8 ½ months after the limitations period had expired. Therefore, the petition is untimely.

5

However, AEDPA statute of limitations is also subject to equitable tolling. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275–76 (3d Cir. 2005). Mere excusable neglect is not sufficient. *Id.*; *Miller*, 145 F.3d at 618–19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Turning to the case at hand, Petitioner fails to argue that he is entitled to equitable tolling. In fact, he did not file any reply or response to Respondent's answer, which raised the affirmative

6

defense of timeliness. Therefore, this Court finds that Petitioner's § 2254 habeas petition is time-barred under 28 U.S.C. § 2244(d) and must be dismissed accordingly.

### III. CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

### IV. CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d). No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

Dated: February 7, 2013

                s/ Susan D. Wigenton
                SUSAN D. WIGENTON
                United States District Judge